E-FILED
Monday, 19 July, 2021  06:26:37 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION**

| | |
|---|---|
| JAMMIE V. SOLIS,<br><br>       Plaintiff,<br><br>  v.<br><br>AFNI, INC.<br><br>       Defendant. | Case No.  1:21-cv-01203 |

**COMPLAINT**

**NOW COMES** JAMMIE V. SOLIS, through her undersigned counsel, complaining of

AFNI, INC, as follows:

**NATURE OF THE ACTION**

1.    This action is seeking redress for Defendant's violations of the Fair Debt Collection

Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

**JURISDICTION AND VENUE**

2.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.    Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

**PARTIES**

4.    JAMMIE V. SOLIS ("Plaintiff") is a natural person, over 18-years-of-age, who at

all times relevant resided in Missouri.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.    Defendant is a third party debt collector with its principal place of business located

at 404 Brock Drive, Bloomington, Illinois 61701.  Defendant's principal business purpose is the

collection of defaulted debts owed to others.  Defendant engages in collection activities in several

different states, including the State of Missouri.

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the

principal purpose of Defendant's business is the collection of debt owed or due or asserted to be

owed or due another.

## FACTUAL ALLEGATIONS

8.      Plaintiff has been a customer with AT&T for approximately five years.

9.      In 2019, Plaintiff's sister was seeking to obtain services with AT&T and asked

Plaintiff to be a reference.

10.     Plaintiff and her sister placed telephone call with AT&T when Plaintiff's sister was

signing up for services.

11.     At no point in time did the Plaintiff sign any contract with AT&T on behalf of her

sister.

12.     Said services resulted in an alleged outstanding balance that Plaintiff's sister was

unable to make timely payment on due to unforeseen financial difficulties ("subject debt").

13.     The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

14.     The subject debt was eventually placed with Defendant for collection.

15.     On or around May 17, 2021, Defendant mailed Plaintiff a letter in an attempt to

collect the subject debt owed by Plaintiff's sister ("Defendant's Letter").

16.     Upon information and belief, Defendant's Letter was prepared and issued by a

third-party vendor that Defendant hired for the sole purpose of preparing and issuing collection

letters.

17.     Specifically, Defendant's Letter referenced a bar code that suggest a third-party

vendor uses that for sorting purposes.

18.     Upon information and belief, the bar code and/or QR code belong to the third-party vendor that prepared and mailed Defendant's Letter.

19.     Furthermore, Defendant's letter shows that the letter was sent from P.O. Box 4115, Concord, CA 94524.

20.     By hiring a third-party vendor to issue Defendant's Letter, Defendant unlawfully disclosed to the third-party that Plaintiff allegedly owed the subject debt.

21.     Information regarding Plaintiff and the subject debt, including the fact that Plaintiff did not owe the alleged subject debt that was disclosed.

22.     Privacy about one's financial affairs are considered of the upmost importance to people.

23.     Upon information and belief, the third-party vendor then completed and populated information provided by Defendant into a template letter that was then delivered to Plaintiff (Defendant's Letter).

24.     The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to *any person* through any medium." (emphasis added).

25.     Accordingly, the information sent from Defendant to the unknown third-party vendor was a "communication" as defined by the FDCPA.

26.     Defendant's communication to the unknown third-party vendor was in connection with the collection of a debt since the information was sent in an effort to facilitate collection of the subject debt.

27.     Plaintiff did not authorize Defendant to communicate with the third-party vendor regarding the subject debt that was owed by her sister.

28.     In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, her attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

29.     The third-party vendor used by Defendant to facilitate the collection of the subject debt does not fall within any of the exceptions prescribed by 15 U.S.C. § 1692c(b).

30.     Furthermore, Defendant is attempting to collect a debt that is not the responsibility of Plaintiff.

31.     By Plaintiff receiving correspondence from Defendant, she was confused, mislead and worried about a collector attempting to collect a debt she did not owe.

32.     Defendant's unlawful dissemination of highly personal information regarding Plaintiff's financial affairs invaded Plaintiff's privacy and violated the rights afforded to the Plaintiff by the FDCPA.

33.     Upon information and belief, Defendant utilizes third-party vendors to prepare and issue collection letters in an effort to reduce overhead costs and increase profits.

34.     Defendant's conscious decision to use third-party vendors demonstrates that it prioritizes its economic interests over the privacy rights afforded to consumers by the FDCPA.

35.     Furthermore, concerned with having had her statutory rights violated, including the ability to have proper and accurate information upon which to make a decision regarding the subject debt, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices ceased and her privacy was protected.

## CLAIMS FOR RELIEF

**COUNT I:**
**Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

36.     Plaintiff adopts and incorporates all paragraphs as fully stated herein.

37.     Defendant violated 15 U.S.C. § 1692c(b) by unlawfully disclosing that Plaintiff owed the subject debt to its third-party vendor.

38.     As set forth above, Plaintiff's privacy rights were violated by Defendant's unlawful disclosure of information pertaining to the subject debt to a prohibited third party.

### a.   Violation(s) of 15 U.S.C. §1692e

39.     Section §1692e(2) of the FDCPA prohibits a debt collector from falsely representing the character, amount, or legal status of a debt.  15 U.S.C. §1692e(2)

40.     Specifically, Defendant was attempting to collect on a debt that Plaintiff does not owe.

### b.   Violations of FDCPA §1692f

41.     Pursuant to § 1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt."

42.     Defendant violated §1692f by employing unfair and unconscionable means to attempt to collect on a debt not belonging to Plaintiff.

43.     Specifically, Defendant was attempting to collect on a debt that Plaintiff did not owe.

**WHEREFORE**, Plaintiff, JAMMIE V. SOLIS, requests the following relief:

    A.     a finding that Defendant violated 15 U.S.C. §§ 1692c(b), e, and f;

    B.     an award of any actual damages sustained by Plaintiff as a result of Defendant's violations;

5

C.      an award of such additional statutory damages to Plaintiff, as the Court may allow, but not exceeding $1,000;

D.      an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E.      an award of such other relief as this Court deems just and proper.


## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.


DATED: July 19, 2021                              Respectfully submitted,

                                                  JAMMIE V. SOLIS

                                                  By: */s/ Victor T. Metroff, Esq.*

                                                  Mohammed O. Badwan, Esq.
                                                  Victor T. Metroff, Esq.
                                                  *Counsel for Plaintiff*
                                                  Sulaiman Law Group, Ltd
                                                  2500 S Highland Ave, Suite 200
                                                  Lombard, IL 60148
                                                  Telephone: (630) 575-8181
                                                  mbadwan@sulaimanlaw.com
                                                  vmetroff@sulaimanlaw.com